**CASE NO. 22-3168**

**UNITED STATES COURT OF APPEALS
FOR THE SEVENTH (7th) CIRCUIT**

**VANESSA WEREKO**

*Plaintiff-Appellant*

v.

*Assoc. Judge* **LORI ROSEN**, *Assoc. Judge* **DAVID E. HARACZ**,
*Ret. Judge* **RAUL VEGA**, *Assoc. Judge* **MARY S. TREW**, *Judge* **GRACE G. DICKLER**,
*Court Rptr.* **KATHLEEN P. LIPINSKI**, *Assoc. Judge* **JOSEPH V. SALVI**,
*Appellate Justice* **TERRENCE J. LAVIN**, *Appellate Justice* **MARY ELLEN COGHLAN**,
*Appellate Justice* **AURELIA MARIE PUCINSKI**,
*Atty.* **SARAH E. INGERSOLL, THERESA A. EAGLESON, RICHARD FALEN,
EMILY YU, PETER HANNIGAN, PEDRO MARTINEZ, RUSSELL CASKEY,
ROBERT CASELLI, ADAM BOYD**, *Atty.* **TANIA DIMITROVA**, *Atty.* **BRADLEY R.
TROWBRIDGE, SAFE TRAVELS CHICAGO, LLC**, *Atty.* **MAXINE WEISS-KUNZ**, *Atty.*
**STEWART J. AUSLANDER**, *Atty.* **KAREN A. ALTMAN**, *Atty.* **GARY SCHLESINGER**,
*Atty.* **SHAWN D. BERSSON**, *Atty.* **TIFFANY MARIE HUGHES**, *Atty.* **RUSSELL M. REID**,
*Atty.* **CANDACE L. MEYERS**, *Atty.* **MICHAEL P. DOMAN**,
*Atty.* **STACEY E. PLATT**, *Atty.* **ELIZABETH ULLMAN**, *Atty.* **ANDREA D. RICE**,

*Defendants-Appellees*.

**ON APPEAL FROM
The United States District Court
Northern District of Illinois, Eastern Division**

Civ. No. 1:22-cv-02177    District Judge: Hon. Thomas M. Durkin

**MOTION TO STAY OR VACATE THE MARCH 30, 2023 *SUA SPONTE* ORDER**

**Vanessa Wereko**
675 Lakeview Pkwy #5035
Vernon Hills, IL 60061
Main No.: 847-637-7142
Email: werekovb@me.com

## MOTION TO STAY OR VACATE THE MARCH 30, 2023 *SUA SPONTE* ORDER

NOW COMES Plaintiff-Appellant, VANESSA WEREKO ("Plaintiff" or "Appellant") pursuant to Sup.Ct.R. 23 and Fed.R.App.P. 27(b) and requests this Court stay or vacate its March 30, 2023 *sua sponte* order as duplicative (*Dkt. 5*), prior met (*Dkt. 10*) and interference, to Plaintiff's harm, with her pending Petition for Writ of Certiorari in the US Supreme Court (Case 22-790) for this case, for which this Court received timely notice (*Dkt. 37*). In support, Plaintiff duly states:

## STATEMENT OF FACTS

1.  On January 28, 2023, Plaintiff submitted for filing a Petition for Writ of Certiorari ("Petition") for this case in the US Supreme Court invoking Sup.Ct.R. 11 (28 U.S.C. § 2101(e)).

2.  On February 22, 2023, the Petition was publicly filed under Case 22-790[1], and this Court received notice. *Dkt. 37*

3.  This Court and the district court have knowledge of the pending Petition.

4.  On March 29, 2023, the US Supreme Court publicly noticed the Petition as distributed for conference of April 14, 2023.

5.  On March 30, 2023, this Court issued a *sua sponte* order to require Plaintiff state, "by April 13, 2023" as to "why this appeal should not be dismissed as unnecessary." *Dkt. 39*

6.  This Court did not establish the basis for an emergency response by April 13, 2023.

7.  Plaintiff, who initiated this case, has not requested its dismissal nor presented it as "unnecessary" with a pending Petition on unresolved issues of public and individual interest.

8.  Since her January 9, 2023 pleading (*Dkt. 36*), Plaintiff has not filed in this Court.

9.  Since November 30, 2022, Plaintiff has not initiated a new case nor authorized any clerk of this Court or any clerk of the district court to initiate a new case in this Court.

---

[1] https://www.supremecourt.gov/search.aspx?filename=/docket/DocketFiles/html/Public/22-790.html

**ARGUMENTS**

10. Any case initiation, in conflict with ¶9 herein, is fraudulent, corroborates the "collective criminal agreement" cited in the Petition to "bar due process" and "subversion of the legislative intent for an appeal as of right" between this Court, the district court and state actors.

11. In an improper bid to obstruct Plaintiff's rights to file a jurisdictional statement in the proper reviewing court (which is not here) and upend her Petition: the district court fraudulently withheld funds via PACER; disregarded her filed, emailed, called-in (recorded) refund requests and mailed-in submissions; then to coverup the willful acts cite *Smith v. Grams*, 566 F.3d 1037, 1041 (7th Cir, 2009) where an incarcerated man "filed <u>a petition in the United States District Court</u> for the Western District of Wisconsin <u>seeking a writ of habeas corpus</u> [of a state order]…the district court dismissed" *Id.*(emphasis added); this Court held it has jurisdiction.

12. *Smith* is falsely equated to deprivations of Plaintiff, a private citizen, where the fraudulent activity via PACER, willful and improper transmission to this Court allowed fraudulent case creation - to force dismissal of this case and Petition - for the same/repeat obstructions and interferences with her rights. The *status quo* answers if this Court is inclined to any self-correction.

13. This Court overlooks it determined (*Dkt. 10*), Plaintiff's December 8, 2022 filing (*Dkt. 7*) was her "jurisdictional memorandum", all Defendants (but one) responded (*Dkt. 25*), and Plaintiff filed a reply and for leave to file brief *instanter*, with a brief attached. (*Dkt. 27*)

14. This case is not in need of (another) superfluous "jurisdictional memorandum" to aid/abet depraved acts for pre-meditated harm and coverup repeat override of jurisdiction, when a brief and "jurisdictional memorandum" remain side barred for months; what this case desperately needs is ethical conduct, respect for rules, the Constitution, and Plaintiff's constitutional rights.

15. Dismissal of this case directly interferes with Plaintiff's Due Process rights for a review of her Petition and exacerbates the procedural morass created by this Court and the district

court's improper, individual and collective, actions to upend this case and her federal complaint.

16. Dismissal obstructs any due process review and precludes potential relief, on the invalid/fictitious premise constitutionality issues (yet to be) presented, subject to the "appellate review" power vested in the US Supreme Court alone, are resolved or moot; clearly, they are not.

17. This Court is not equal to the US Supreme Court; its *sua sponte* order is improper.

18. Since this Court comfortably waited months, in a self-imposed stay in this case, it can reasonably extend it, out of deference to the superior authority of the US Supreme Court, to complete its due process review of the Petition. Defendants will not be in any way prejudiced as all had an opportunity to respond to the Petition and all chose to waive their right to respond, their effective contribution to the collective agreement that enables and covers up harm to Plaintiff.

19. Since this Court can initiate fraudulent cases in Plaintiff's name without her consent/authorization, with fraudulent activity via PACER, it can undo its own morass without her

20. Under the principles of justice and the Constitution, jurisprudence dictates this Court take no (more) actions that may and can be deemed interference and obstruction of justice.

21. **DECLARATION**: VANESSA WEREKO, as Plaintiff, certifies, under 28 U.S.C. §1746, that the foregoing "statements of facts" and attached correspondence are true and correct.

**WHEREFORE** VANESSA WEREKO respectfully prays this Court to:

(a) Stay or Vacate its March 30, 2023 *sua sponte* order [Dkt. 39] in this case.

(b) Stay further actions in this case to allow the due process review of Plaintiff's Petition for Writ of Certiorari in the United States Supreme Court to complete, without interference.

DATED: 13th day of April, 2023          RESPECTFULLY SUBMITTED:

/s/ Vanessa Wereko
**VANESSA WEREKO**
675 Lakeview Pkwy #5035
Vernon Hills, IL 60061
Main No.: 847-637-7142
Email: werekovb@me.com

## CERTIFICATE OF SERVICE

The undersigned certifies under 28 U.S.C. §1746 that on the **13th day of April, 2023,** the foregoing "Motion to Stay or Vacate the March 30, 2023 *Sua Sponte* Order" and attached March 27, 2023 dated correspondence to Clerk of the Northern District Court of Illinois, were electronically filed using the Electronic Document Filing System, CM/ECF, of the Clerk of Court for the United States Court of Appeals for the Seventh Circuit at 219 S. Dearborn St., Room 2722, Chicago, IL 60604, which provides electronic notification to all parties active in the CM/ECF system on filing, with all other parties served by US Mail and/or by their service preference in the CM/ECF system.

Executed On: 13th day of April, 2023          /s/ Vanessa Wereko

**VANESSA WEREKO**
675 Lakeview Pkwy #5035
Vernon Hills, IL 60061
Main No.: 847-637-7142
Email: werekovb@me.com

675 Lakeview Pkwy #5035<br>
Vernon Hills, IL 60061<br>
847-637-7142 tel.<br>
werekovb@me.com email

March 27, 2023
*Via Federal Express Mail*
(*Tracking #: 7716 7749 1428*)

To: District Clerk's Office
UNITED STATES DISTRICT COURT
219 South Dearborn Street
20th Floor
Chicago, Illinois 60604
temporary_e-filing@ilnd.uscourts.gov (email)

### Case 22-cv-02177: Notice of Appeal Filing

District Clerk's Office for the Northern District of Illinois,

     Pursuant to Supreme Court Rule 18, please find enclosed a Notice of Appeal ("NOA") to the Supreme Court of the United States and Certificate of Service ("COS"), that is five (5) pages in all, to file into the above captioned case in this Court i.e., Case 1:22-cv-02177.

     I have electronic filing access, but the Northern District of Illinois' CM/ECF system does not allow me to file and select the appropriate reviewing court, as it defaults to the US Court of Appeals for the Seventh Circuit and defaults to charging the $505.00 docketing fee for that court.

     Submission via your email above sent an automatic response informing it is no longer used.

     The NOA and COS were thus (also) electronically submitted to your website for "Pro Se Filer PDF Submissions."

Respectfully Submitted,<br><br>
*[signature]*<br>
**VANESSA WEREKO**<br>
**(Plaintiff 1:22-cv-02177)**

Enclosure(s): Notice of Appeal and Certificate of Service (5 pages)
               Emailed Correspondence to District Clerk (1 page)